**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHERRICK VAUGHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:15-cv-00709** |
| | ) | **Chief Judge Sharp** |
| **v.** | ) | |
| | ) | |
| **SERGEANT JENNIFER CARUTHERS,** | ) | |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

The plaintiff, an inmate at the Dickson County Jail in Charlotte, Tennessee,[1] brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 alleging excessive force and/or denial of medical treatment claims against Sergeant Jennifer Caruthers of the Dickson County Sheriff's Office, Dickson County Sheriff Jeff Bledsoe, Dustin Hargrove of the Dickson County Police Department, John Doe #1 of the Dickson County Police Department, John Doe #2 of the Dickson County Sheriff's Office, and the Dickson County Police Department. (Docket No. 1). The individual defendants are sued in their individual capacities only. (*Id.* at p. 2). As relief, the plaintiff seeks compensatory damages and damages for pain and suffering, as well as the suspension or termination of the individual defendants' employment. (*Id.* at p. 7).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

---

[1]The plaintiff has not provided a prison identification number. The certified inmate trust fund account statement provided by the Dickson County Jail does not list an inmate identification number. (Docket No. 12).

## I.      PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108,

110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."   To state a claim under § 1983, the plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.     Alleged Facts

According to the complaint, on March 21, 2015, Sergeant Jennifer Caruthers and deputy John Doe #1 arrested the plaintiff.   During the arrest, the complaint alleges that defendants Caruthers, John Doe #1, John Doe #2, and Hargove used unnecessary and excessive force in restraining the plaintiff, including placing a knee upon his head, repeatedly manipulating the plaintiff's arm behind his back, slamming the plaintiff's head into the grounds several times, knocking the plaintiff's tooth out, kneeing the plaintiff's left side, and throwing the handcuffed plaintiff into a police car.  The complaint alleges that the plaintiff suffered a lost tooth, a swollen eye, and other injuries as a result of the defendants' actions.

When the plaintiff arrived at the Dickson County Jail after his arrest, the complaint alleges that he requested "medical transport" for his injuries but was not provided with any medical attention until the following day, even though he was "spitting up blood."  The complaint further

alleges that the plaintiff experienced blurry vision, slurred speech, and delayed speech for weeks after the incident.  According to the complaint, the plaintiff suffered from headaches immediately following the incident, and those headaches continue to this day.  (Docket No. 1 at pp. 5-6).

IV.    **Analysis**

    A.    **Claims Subject to Dismissal**

        1.    **Claims against the Dickson County Police Department
and Dickson County**

First, the plaintiff has named the Dickson County Police Department as a defendant to this action.  The Dickson County Police Department is not a a suable entity itself.  *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)).  Thus, the plaintiff's claims against the Dickson County Police Department must be dismissed.

Giving this *pro se* complaint a liberal construction, the court could construe the plaintiff's complaint as an attempt to state a claim against Dickson County.  However, while Dickson County is a suable entity, it is responsible under § 1983 only for its " own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions."  *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). A municipality may be liable under § 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights."  *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)(quoting *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

In this case, the complaint does not allege that any of the individual defendants acted pursuant to policy or custom adopted by Dickson County. Neither does the complaint allege the existence of an official policy relevant to this action. The complaint therefore fails to state a claim against Dickson County upon which relief can be granted.

### 2.     Claims against Sheriff Jeff Bledsoe

Next, the plaintiff names Jeff Bledsoe, Sheriff of Dickson County, Tennessee, as a defendant in his individual capacity only. However, the plaintiff has not alleged any personal involvement by Sheriff Bledsoe acting in any capacity. Instead, the plaintiff states that he "want[s] to hold the city of Dickson/Sheriff Jeff Bledsoe liable for actions of the officers . . . ." (Docket No. 1 at p. 7).

However, supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability."). Other than naming him as a

defendant, the plaintiff does not allege any facts that would establish that Sheriff Bledsoe was personally involved in or even aware of any of the issues about which the plaintiff complains. Accordingly, the complaint fails to state a claim against Sheriff Bledsoe for which relief can be granted.

### B.     Actionable Claims

#### 1.     Excessive Force Claims

The complaint alleges that, in arresting the plaintiff, the individual defendants, all employees of either the Dickson County Police Department or the Dickson County Sheriff's Office, used excessive force, resulting in injuries to the plaintiff's face, head, and teeth.

The Fourth Amendment of the United States Constitution protects individuals from excessive force by law-enforcement personnel. *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000). The court reviews claims for excessive force under a standard of reasonableness. *Saucier v. Katz*, 533 U.S. 194, 209 (2001). Accordingly, the court views the use of force from the perspective of a reasonable law-enforcement officer on the scene rather than retrospectively. *Graham v. Connor*, 490 U.S. 386, 396-97(1989). The analysis is to be conducted under the totality of the circumstances and without regard to intentions or motivations. *Id.* at 397. The inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The court's analysis must "embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

6

Based on the allegations in the complaint, the court finds that the plaintiff states excessive force claims under § 1983 against defendants Sergeant Jennifer Caruthers of the Dickson County Sheriff's Office, Dustin Hargrove of the Dickson County Police Department, John Doe #1 of the Dickson County Police Department, and John Doe #2 of the Dickson County Sheriff's Office in their individual capacities. Although it is unclear whether the plaintiff will ultimately prevail on these claims, the allegations of the complaint warrant further factual development.

### 2. Denial or Delay of Medical Treatment Claims

The complaint also alleges that, once the plaintiff was taken to the Dickson County Jail, he requested "medical transport" for his injuries, including visible bleeding and swelling of his face, but he received no medical attention at all until the following day. Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. Such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Vaughn alleges that he suffered detrimental effects from the delay in treatment – pain and constant headaches from which he continues to suffer to this day. The court finds that these allegations are sufficient to state Eighth Amendment claims based on the delay in providing appropriate medical treatment to the plaintiff against defendants Hargove and John Doe #1 of the Dickson City Police Department in their individual capacities.

### 3. John Doe Defendants

As to the John Doe defendants, although designation of "John Doe" or "Jane Doe"

defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" defendants at this juncture because of the likelihood that the identities of these defendants will be determined during discovery.

## V.  Conclusion

As set forth above, the plaintiff has stated colorable excessive force claims against defendants Sergeant Jennifer Caruthers of the Dickson County Sheriff's Office, Dustin Hargrove of the Dickson County Police Department, John Doe #1 of the Dickson County Police Department, and John Doe #2 of the Dickson County Sheriff's Office in their individual capacities under 42 U.S.C. § 1983. In addition, the plaintiff has stated colorable Eighth Amendment claims based on the delay in providing appropriate medical treatment to the plaintiff against defendants Hargove and John Doe #1 under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. These claims will be allowed to proceed for further development.

However, the plaintiff's claims against the Dickson County Police Department, whether construed as a claim against the Dickson County Police Department or against Dickson County, Tennessee, fail to state a § 1983 claim upon which relief can be granted, and those claims must be dismissed under the PLRA. Furthermore, the plaintiff's claims against Sheriff Jeff Bledsoe also must be dismissed.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge

8