```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

SHERRICK VAUGHN,                )
                                )
        Plaintiff                )
                                )       No. 3:15-0709
v.                              )       Judge Crenshaw/Brown
                                )       **Jury Demand**
JENNIFER CARUTHERS, *et al.*,   )
                                )
        Defendants              )
```

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

Presently pending in this case is a motion for summary judgment by the two remaining Defendants Sergeant Caruthers (Docket Entry 68), and Officer Hargrove (Docket Entry 78). Both motions are supported by memorandum of law, affidavits of the Defendants, excerpts from the Plaintiff's deposition, a recording from Officer Vaughn's body camera, and a recording from the police car transporting the Plaintiff to the jail, as well as statements of undisputed material facts by both officers.

For the reasons stated below, the Magistrate Judge recommends that both motions be granted and this case be dismissed with prejudice. It is further recommended that any appeal from the dismissal of this case not be certified as taken in good faith.

### BACKGROUND

The complaint in this matter (Docket Entry 1) alleges that the two Defendants were involved in the arrest of the Plaintiff on the March 21, 2016. The Plaintiff alleged that he was detained by the Defendant Caruthers and others. He alleges that an

unnamed deputy of the City of Dixon Police Department dropped his weapon beside the Plaintiff's head while he was being held on the ground by other officers while attempting to hand the weapon to Sergeant Caruthers. He alleges that unknown deputies used excessive force by placing a knee on his head and restraining his arms. He alleged that officers took turns passing his arm from the back of his head to his lower back in a rough manner, causing substantial pain. He alleges that they screamed at him to stop resisting at a time when he was not resisting. He alleges that an unknown officer slammed his head into the ground a few times, knocking out a tooth and swelling both of his eyes. Other officers kneed him in the left side while he was handcuffed. While handcuffed, he was then picked up by the arms and carried over to a nearby police care and roughly thrown on top of it. He was then transported to the Dixon police station where bond was set and pictures were taken. He claims that blood was streaming down his left swollen cheek and his left front tooth was knocked. He requested medical attention and further alleges he was not given any medical attention until the next day. As a result of the use of excessive force he was left spitting up blood and suffered blurry vision for at least two weeks. He alleged that at the time of the complaint he was still having some blurred and delayed speech and constant headaches.

On an initial review (Docket Entry 13) claims against all Defendants except Caruthers, Hargrove, and John Does 1 and 2 were dismissed.

The Plaintiff returned service packets for the Defendants Hargrove and Caruthers and they were served (Docket Entries 20 and 32).

A scheduling order was entered in the matter on February 11, 2016 (Docket Entry 39). In the scheduling order the Plaintiff was specifically warned that if motions for summary judgment were filed they must be responded to within the given time frame and that failure to respond to the motion and to statements of fact could result in the Court taking the facts alleged in the matter as true and granting the relief requested. The Plaintiff was warned that he could not just rely on his complaint, but must show that there was a material dispute of facts with citations to the records, affidavits or other matters of evidence and that he should comply with the Federal Rule of Civil Procedure 56 and Local Rule 56.01(a).

After a reasonable amount of discovery a report and recommendation (Docket Entry 58) was entered recommending the claims against the two unknown officers be dismissed with prejudice inasmuch as the Plaintiff had not identified and obtained service of process on the John Doe Defendants within the original statute of limitations. The report and recommendation was subsequently approved by the District Judge (Docket Entry 64).

The Plaintiff has not responded to either motion for summary judgment or to the statement of undisputed facts. Therefore, in accordance with the Court's previous warning of the consequences of failing to respond and in accordance with Local

Rule 56.01(c) the statement of facts are deemed admitted where it appears they are supported in the record.

Despite the Plaintiff's failure to respond, the Magistrate Judge nevertheless carefully reviewed the two motions to insure that the Defendants have carried their burden to show that they are entitled to summary judgment in this matter.

**LEGAL ANALYSIS**

To prevail on a motion for summary judgment, the movant must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party cannot simply "rest on its pleadings but must present some 'specific facts showing that there is a genuine issue for trial.'" *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). To defeat a motion for summary judgment, "the non-moving party must present evidence upon which a reasonable jury could find in her favor." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 529 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 251). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient." *Tingle*, 692 F.3d at 529 (citing *Anderson*, 477 U.S. at 251). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Taking up first Officer Caruther's motion (Docket Entry 68) the Magistrate Judge finds that the motion is well-supported by the memorandum (Docket Entry 69) and supporting documents, including the video of the actual stop and takedown. A review of the body camera video (Docket Entry 75) shows that at time stamps 14:28:35 Plaintiff was standing outside his car with his hands up and police officers were shouting for him to get down. Within five seconds the Plaintiff was forcibly taken to the ground by a number of officers. The video shows that the Plaintiff was held down by a number of these officers and was handcuffed and subsequently placed on the hood of a police car.

The video does not show that Officer Caruthers took the Plaintiff down or was involved in holding him down, handcuffing him, or placing him on the hood of the police car. It does appear that a weapon was at some point dropped on the ground by another officer and picked up by Officer Caruthers. However, the video does not show the weapon came in contact with the Plaintiff.

The Plaintiff in his deposition candidly admitted that Officer Caruthers did not touch him (Docket Entry 71-1, page ID 187). Defendant Caruthers in her memorandum correctly cited the law dealing with this issue. This Defendant did not touch the Plaintiff and cannot be found to have used excessive force. There is no allegation or proof that she directed other officers to use excessive force or was responsible for supervising them.

Under these circumstances the motion is well-taken and should be granted.

Turning next to Officer Hargrove, his motion is also well-supported with a memorandum (Docket Entry 79), a video (Docket Entry 87), and a statement of undisputed facts (Docket Entry 80). Officer Hargrove and other Dixon City officers were dispatched to assist Officer Caruthers in a vehicle pursuit of the Plaintiff, which began in the county but continued into the city. The Plaintiff, after he exited from his vehicle with his hands up, was quickly and forcibly taken to the ground by other officers. As the video (Docket Entry 75) shows, the only force Officer Hargrove actually exerted on the Plaintiff was restraining the Plaintiff's left arm and then handcuffing the Plaintiff. It appears that the Plaintiff misidentified Hargrove as the officer who restrained his neck and head during the arrest. It also appears the Plaintiff misidentified Hargrove as the officer who carelessly dropped his weapon near his face. Even if it was Defendant Hargrove, the dropping of the weapon itself caused no injury to the Plaintiff and could not be considered a use of excessive force.

While it is arguable that other officers did use excessive and unnecessary force in taking the Plaintiff to the ground when he was standing with his hands up, that force was not applied by Defendant Hargrove or by officers under his direction or supervision.

Finally, the Plaintiff alleges that Hargrove was deliberately indifferent to his medical needs. The Plaintiff contends that he should have been immediately taken to the hospital

6

rather than to the jail. The pictures of the Plaintiff's injuries, as well as the video, do not support this contention. While there is no audio contained on the video the Plaintiff does not appear to be in any significant distress during the 20 or so minute transportation. At 17:05:50 the Plaintiff can be seen walking normally behind the patrol car toward the jail.

The Plaintiff did not dispute uncontested statements 16 and 17 (Docket Entry 80) that Detective Hargrove did not believe the Plaintiff's injuries were serious enough to require immediate medical attention and that he knew the Plaintiff would receive medical treatment at the jail and that during the transportation from the police department to the jail Plaintiff did not appear to be under any type of distress.

Under these circumstances there is simply no way a reasonable jury could conclude that Officer Hargrove was deliberately indifferent to any serious medical need of the Plaintiff.

While unnecessary to the resolution of the claims against the two officers, in reviewing the video of the takedown, the respective supervisor for the city and county should review the video. The Plaintiff was standing outside his vehicle with his hands up, and despite some shouted commands to get down, it is difficult to see how the police officers who were actually taking him down gave him sufficient time to comply with that command and a jury viewing the video could have reasonably concluded that the officers who actually participated in the takedown used excessive

7

force. Unfortunately for the Plaintiff, he simply sued the wrong officers.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motions for summary judgment be granted and the case be dismissed with prejudice and that any appeal from such dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 1st day of February, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge